In the Matter of CONTINENTAL AIRLINES, INC., Debtor.

CONTINENTAL AIRLINES, INC., Plaintiff,

v.

Sheldon A. CHRYSLER, Barry B. Chrysler, d/b/a Aircraft Brokers and Columbine Communications Corporation and the United States of America, Defendants.

Bankruptcy No. 90–932.
Adv. No. 91–25.

United States Bankruptcy Court,
D. Delaware.

Nov. 6, 1991.

Kenneth J. Nachbar, S. David Peress, James L. Patton, Jr., Laura Davis Jones, Wilmington, Del., for debtor/plaintiff.

Henry A. Heiman, Wilmington, Del., Robert M. Horowitz, Denver, Colo., for movants.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Continental Airlines, Inc. (Continental) filed a complaint seeking the turnover of

aircraft parts. The United States of America (United States) answered the complaint admitting, *inter alia,* that the FBI holds all 61 parts at issue and is willing to turnover the parts upon an order by a court of competent jurisdiction. Defendants Sheldon A. Chrysler and Barry B. Chrysler d/b/a Aircraft Brokers and Columbine Communications (Chryslers) have moved to have this court abstain or, alternatively, to change the venue of this proceeding to the District of Colorado. Continental opposes abstention or transfer. Although several federal and state proceedings are pending in Colorado relating to these aircraft parts, the issue before this court is whether it should hear the matter or abstain or change the venue so that the Colorado courts may resolve the dispute. Based on the special facts of this case along with considerations of judicial economy, the court concludes that this adversary proceeding should be heard in this forum.

*Statement of Facts*

No live testimony or other evidence was submitted in support of the motion. Continental filed various documents as an appendix to its opposition. Since the preliminary facts and procedural posture of related litigation are important in reaching a decision on abstention or transfer of venue, a brief recitation of the relevant facts is necessary. These facts do not reach the merits and are discussed only to decide the abstention and venue issues.

In February 1987, the Federal Bureau of Investigation (FBI) learned that aircraft parts belonging to Continental were being discovered around the world. These aircraft parts consist largely of navigational equipment such as altimeters, gyros, distance measuring instruments, but also includes flight recorders, computers, and other sophisticated devices. In conjunction with Continental, the FBI determined that a Continental employee, Everett F. Wann (Wann), had stolen the parts from Continental parts inventory in Denver, Colorado and, subsequently, had sold them to the Chryslers. On February 13, 1987, the FBI seized the parts from the Chryslers and from the Chryslers' customers. Presently, the FBI holds the parts in a Denver warehouse, and it estimates the parts' value in excess of $4 million. To date, no formal indictment has been filed against Wann though the FBI investigation continues.

Although no criminal case is pending, the apparent conversion of the aircraft parts has spawned litigation in both the Colorado state and federal courts. In one state court action, the Chryslers filed suit against Wann contending, among other things, that Wann sold them the parts but did not in fact have title to the parts. *Chrysler v. Wann,* Civil Action No. 88–CV–8335. In another suit, Wann who was fired by Continental upon its discovery that he was appropriating the parts brought a wrongful termination action against Continental. *Wann v. Continental Airlines, Inc.,* Civil Action No. 88–CV–878. Finally, Continental sued the Chryslers for, among other things, damages for the tortious conversion of its property. *Continental Airlines, Inc. v. Chrysler,* Civil Action No. 89–CV–899. The suit filed by Wann was later consolidated with the Continental suit against the Chryslers. In January 1990, Continental and the Chryslers entered into a Settlement Agreement whereby Continental agreed to release the Chryslers from any liability on a "walk away" basis; however, the Settlement Agreement does not expressly acknowledge that Continental owned the aircraft parts.

Subsequent to entering into the Settlement Agreement, Continental moved in the United States District Court for the District of Colorado for an Order pursuant to Federal Rule of Criminal Procedure 41(e) directing the FBI to return the parts to Continental. Similarly, the Chryslers filed an identical motion seeking turnover of the parts. The United States responded in this *in rem* proceeding that it had possession of the 61 aircraft parts and that, based on the FBI's extensive investigation, it believed Continental owned 59 of the 61 parts. As a result, the United States stated in its Rule 41(e) memorandum that the Chryslers' motion should be denied and that all but two of the parts should be delivered to Continental. No decision has been made by the court on the Rule 41(e) motion. Due to the

Chryslers' 41(e) motion, Continental filed a post-judgment motion in Colorado state court to clarify the Settlement Agreement. At this juncture, no hearing has been set on Continental's motion. Continental filed its Chapter 11 petition on December 3, 1990, and this adversary proceeding was filed February 20, 1991.

*Abstention*

■ The Chryslers move the court to abstain from hearing this adversary proceeding under 28 U.S.C. § 1334(c)(2) which is often referred to as the "Mandatory Abstention" Rule. Mandatory abstention is available to a party only in certain non-core matters. 28 U.S.C. § 1334(c)(2). Therefore, the determination that this adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2) would render the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) inapplicable.

Continental Airlines brings this action under 11 U.S.C. § 542(a) seeking a turnover of property of the estate. The FBI, after obtaining sufficient evidence, believes the stolen parts belong to Continental and should be returned to them. In addition, the Chryslers have also admitted in their pleadings in the "Wann Action" that they do not have title to the parts. They conceded the same in "The Settlement Agreement". It was only after Continental moved for their return in the United States District Court for the District of Colorado that the Chryslers asserted ownership of the parts. The Chryslers' assertion is in direct contravention to both their complaint in the Wann action and the "Settlement Agreement". Despite the Chryslers' changed position on the issue of ownership, the earlier assertions by Chrysler are admissible evidence against them in this action. *Eagle Industrial Truck Mfg., Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 125 B.R. 415, 417 (Bankr.D.Del.1991). "In this Circuit, a statement made by a party in connection with other litigation that is adverse to or inconsistent with its position in a pending proceeding is admissible as an evidentiary admission in the pending suit." *Id.* Although this evidence may be rebutted by

the Chryslers, any opposition that they might have to this turnover action can be effectively dealt with by this court.

Because the basis of this adversary proceeding is a turnover action arising under 11 U.S.C. § 542, it is a core proceeding under 28 U.S.C. § 157(b)(2)(E) which the bankruptcy court may both hear and determine. Therefore, the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) are not applicable.

*Transfer of Venue*

■ Having dispensed with the abstention issue, the court now turns to the question of whether a change of venue to the District of Colorado is appropriate. As a general rule, venue is proper in the primary district for any civil litigation brought by or against the debtor or the estate, i.e., the bankruptcy court where the case is pending. 28 U.S.C. § 1409(a). *See In re Trim-Lean Meat Products, Inc.*, 11 B.R. 1010 (D.Del.1981). None of the alternative venue provisions which provide exceptions to the general rule are applicable here. *See* 28 U.S.C. § 1409(b)–(e). Still, though venue is proper in the primary district, the court may "in the interest of justice or for the convenience of the parties" transfer an adversary proceeding to another judicial district. 28 U.S.C. § 1412. Therefore, under this statute, the bankruptcy court may order the transfer of civil actions referred to it. *See* Bankruptcy Rules 7087, 9001(4); *see also* the Order of Referral of Cases of Bankruptcy Judges of the United States District Court for the District of Delaware (D.Del. July 23, 1984). Nevertheless, there is a strong presumption of maintaining venue where the bankruptcy case is pending. *See In re Windsor Communications Group, Inc.*, 53 B.R. 293 (Bankr.E.D.Pa. 1985). Accordingly, the party seeking a change of venue bears the burden of proof to overcome this presumption. *In re F/S Airlease II, Inc.*, 67 B.R. 428 (Bankr. W.D.Pa.1986).

■ In determining an appropriate choice of venue, bankruptcy courts look to various factors which include: (1) the location of the plaintiff and defendant; (2) the ease of access to necessary proof; (3) the

availability of subpoena power for the unwilling witnesses; (4) the expense related to obtaining witnesses; (5) the enforceability of any judgment rendered; (6) the ability to receive a fair trial; (7) the state's interest in having local controversies decided within its borders, by those familiar with its law; and (8) the economics of estate administration. *In re Southwinds Assocs. Ltd.*, 115 B.R. 857, 862 (Bankr.W.D.Pa. 1990); *In re Allegheny, Inc.*, 68 B.R. 183, 191 (Bankr.W.D.Pa.1986). In essence, these indicia reflect the *forum non conveniens* doctrine applied in the bankruptcy setting so that the court may determine if the action may be more appropriately adjudicated in a forum other than the primary district. All factors weigh heavily in favor of maintaining this action in the District of Delaware, except for the fact that the Chryslers are located in Colorado. Yet, though the Chryslers will suffer some inconvenience and additional expense in defending this suit in a distant forum, the convenience of the other parties and the interest of justice, including judicial economy and expediency, strongly suggest that the plaintiff's forum choice should be honored. As indicated by the facts, problems of proof should be minimal; moreover, application of the Colorado Uniform Commercial Code by this court does not justify transfer. Most significantly, the economics of estate administration support maintaining this action in Delaware. Continental has not retained its Colorado pre-petition counsel familiar with the case under 11 U.S.C. § 327(b); in addition, its Delaware counsel is ready to proceed with the action. Overall, the most efficient disposition of this adversary proceeding can be made in the present forum. Therefore, the Chryslers' motion to change the venue to the District of Colorado must be denied.

An order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, November 6, 1991, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED that the motion of Sheldon A. Chrysler, Barry B. Chrysler d/b/a Aircraft Brokers and Columbine Communications Corporation, Defendants, for abstention and relief from stay or, alternatively, transfer of venue to District of Colorado, is DENIED; and, those Defendants shall file and serve their answer to Plaintiff's complaint on or before November 29, 1991.