In re BILL'S DOLLAR STORES, INC.

BILL'S DOLLAR STORES, INC.

v.

NEW ORLEANS PRINTING SERVICES, INC.

Bankruptcy No. 93–808.
Adversary No. 94–33.

United States Bankruptcy Court,
D. Delaware.

July 27, 1994.

Neil B. Glassman, Dale R. Dube, Bayard, Handelman & Murdoch, Wilmington.

Robert E. Gerber, Fried, Frank, Harris, Shriver & Jacobson, New York City.

Dennis M. LaBorde, Baldwin & Haspel, New Orleans, LA.

James L. Patton, Jr., Laura Davis Jones, Bhavana Sontakay, Young, Conaway, Stargatt & Taylor, Wilmington.

HELEN S. BALICK, Chief Judge.

This is the court's decision on the motion of Bill's Dollar Stores, Inc. (BDS) for reargument on the motion of New Orleans Printing Service, Inc. (NOPS) to transfer venue of this adversary proceeding.

### I. The Prior Proceedings

NOPS filed its venue motion and opening brief in this adversary proceeding on May 16, 1994. That brief contained an affidavit of Dennis M. LaBorde, Esquire, Louisiana counsel for NOPS. BDS filed an answering brief and six affidavits in opposition to the motion. At the subsequent hearing on the venue motion, New York counsel for BDS attempted to move the admission of the six affidavits. NOPS objected. The court sustained that objection. After an evidentiary hearing, including oral testimony and the admission of exhibits, this court weighed the factors considered on a transfer venue motion, e.g., *Continental Airlines, Inc. v. Chrysler (In re Continental Airlines, Inc.)*, 133 B.R. 585, 587–88 (Bankr.D.Del.1991). This court granted the venue motion.

### II. The Standard on a Motion for Reargument

■ The motion for reargument is made pursuant to Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59(e), and Rule 7.1.4 of the Local Rules of the United States District Court for the District of Delaware (incorporated by United States Bankruptcy Court Local Rule No. 9). A motion for reargument will be granted only if the court is convinced that (1) the court made an error of law or mistake of fact, *and* (2) if aware of the error or mistake, the court would have reached a different result. *Walsh v. State of Delaware*, C.A. No. 92–298–JJF, slip op. at 3, 1993 WL 837872 (D.Del. May 5, 1993) (citing *Karr v. Castle*, 768 F.Supp. 1087, 1090 (D.Del.1991)).[1]

### III. Discussion

#### A. No Error of Law was Made.

■ BDS asserts that the court committed an error of law when it denied the admission of the six affidavits at the venue hearing.

■ A request to transfer the venue of an adversary is made by motion. Fed. R.Bankr.P. 7087. The rules of evidence applicable on a motion include Federal Rule of Civil Procedure 43(e), which provides:

> (e) **Evidence on Motions.** When a motion is based on facts not appearing of record the court *may* hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

Fed.R.Civ.P. 43(e) (emphasis added). BDS argues from Rule 43(e) that the general rule is that venue motions are heard on the affidavits. BDS further argues that the court

---

1. BDS' motion for reargument fails to articulate any standard. The court shall overlook this omission, and shall consider BDS' arguments in the proper legal framework of Rule 7.1.4.

never directed prior to the evidentiary hearing that the "matter" would be heard wholly on the basis of oral testimony.

 There are several flaws in this argument. As NOPS points out, Rule 43(e) reserves to the *court* the decision whether to allow the motion to be heard on the basis of affidavits. *See,* 5 *Moore's Federal Practice* ¶ 43.13, at 43–18–20 (1994). Thus absent some pre-hearing notice from the court, or agreement with opposing counsel, BDS' New York counsel had no proper basis to *assume* that the filed affidavits would be admissible.

BDS itself has referred to the familiarity of co-counsel Young Conaway Stargatt & Taylor (based in the District of Delaware) with this court's long-standing view on the need for oral testimony in a motion to transfer venue. *See In re American Film Technologies,* Case No. 93–1207, Docket no. 42 at 7–8. Consultation with co-counsel would have informed New York counsel that this court generally requires oral testimony. Ironically, New York counsel has made the point (in response to the original motion to transfer venue) that he has worked closely with co-counsel. Docket no. 27 at 2, ¶ 6.

Finally, BDS' argument concerning the use of affidavits in a hearing on a motion to transfer venue may often be impractical. Where the opposing affidavits raise a factual dispute concerning one of the *Continental Airlines v. Chrysler* factors, the court is confronted with conflicting written testimony.[2] BDS does not explain how the court should resolve such dispute. Common sense dictates that a hearing with oral testimony is required. *Accord Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327, 332 (11th Cir.1982) (motion for attorneys' fees requires evidentiary hearing to resolve disputed facts); *Baltimore Lumber Co. v. Marcus,* 179 F.Supp. 179, 181–82 (D.Md.1959) (motion to quash requires oral testimony where opposing affidavits raise factual disputes).

That affidavits will not normally be considered as evidence in a motion to transfer venue should not, however, be considered a deterrent to attaching affidavits to such motions. Affidavits serve many beneficial purposes: They provide informal discovery, help narrow the issues, and may lead to a more efficient presentation at a streamlined hearing. Also, there are other types of motions where affidavits can more typically be considered, such as discovery and jurisdictional motions. *See generally* 5 *Moore's Federal Practice* ¶ 43.13, at 43–18–21 (1994).

B. *The court would not have reached a different result if the affidavits had been considered.*

BDS' motion for reargument also fails to satisfy the second conjunctive prong of the standard applicable on a motion for reargument.

BDS filed six affidavits that it wishes this court to consider. The first affidavit contains the testimony of New York counsel to the effect that the firm of Young Conaway is very familiar with this proceeding, and is competent to handle its prosecution. This court has no dispute with those propositions, neither does it have reason to believe NOPS disputes those propositions.

The other five affidavits contain testimony of present or former employees of BDS. Each of those affidavits possess the same structure. The first part of each affidavit relates to the affiant's testimony concerning the merits of this adversary. The second part of each affidavit contains language substantially identical to each other and relates to the factors this court would consider on a transfer of venue motion.

Even if the court accepted as true the averments contained in these affidavits, the court's decision to transfer the venue of this proceeding would not change. Particularly troubling to the court is that in its motion for reargument, BDS does not even attempt to argue how the affidavits would have supported its opposition to the transfer of venue motion, and how consideration of these affidavits should have changed the court's decision on that motion.

C. *There was no motion before this court to transfer venue to the District Court in Mississippi.*

 BDS asserts that if the venue is to be transferred, the venue should be transferred

---

**2.** Indeed, the opposing affidavits that were filed in this adversary proceeding raised disputes as to

who would testify for NOPS, the location of those witnesses, and the location of BDS' witnesses.

to the District Court in Jackson, Mississippi. The debtor further argues that it requested this alternative relief, and that the court erred in not considering this request.

Apparently this request came in the context of New York counsel's closing argument, when he said:

> [E]verything [NOPS] said could have just as easily warranted transferring this [proceeding] to the Federal Court in Jackson, Mississippi.... If you think that you're uncomfortable with having this [proceeding] here, the proper place is Mississippi.

June 16, 1994 Transcript at 90. As NOPS points out, for a multitude of reasons, these comments do not qualify as a proper motion to transfer venue. This court properly ruled that a request to transfer venue to the district court in Mississippi was not before it.

BDS has made other arguments in support of its motion for reargument. These arguments are devoid of factual and legal support, and do not warrant comment. For all of these reasons, the court finds the motion for reargument wholly without merit. That motion is **DENIED.**

IT IS SO ORDERED.