In re THE HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.

The Scotts Company, Plaintiff,

v.

Hechinger Company, Defendant.

Bankruptcy No. 99–2261(PJW). Adversary No. 00–1683.

United States Bankruptcy Court, D. Delaware.

Sept. 14, 2001.

Robert J. Stearn, Jr., Christopher D. Loizides, Richards, Layton & Finger, Wilmington, DE, Matthew A. Feldman, Rachel C. Abrams, Willkie Farr & Gallagher, New York City, for Hechinger Company.

Michael L. Vild, The Bayard Firm, Wilmington, DE, Gregory E. Sutton, Robert J. Sidman, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, for The Scotts Company.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

Before the Court is the motion (Doc. # 5) of defendant Hechinger Company ("Hechinger") to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] According to Hechinger the complaint for reclamation of goods pursuant to 11 U.S.C. § 546(c) is fatally flawed by reason of plaintiff The Scotts Company's ("Scotts") failure to properly identify the goods in its reclamation demand letter. For the reasons discussed below, I will deny the motion.

### BACKGROUND

On June 11, 1999 Hechinger filed a voluntary Chapter 11 petition. By September 1999 it was clear that a reorganization was not possible and a liquidation of the entire business was commenced. A liquidating plan is currently being pursued by the creditors committee.

Scotts filed its complaint against Hechinger on October 20, 2000. The complaint seeks reclamation of goods or in the alternative an administrative priority claim, a security interest and/or a lien. Scotts alleges in the complaint that from May 28, 1999 through June 11, 1999, Scotts sold it on credit and delivered to Hechinger a substantial quantity of goods. The complaint alleges that Hechinger received the goods on credit while Hechinger was insolvent. The complaint further states that, on June 11, 1999, Scotts demanded in writing to Hechinger the return or reclamation of the goods that Hechinger received between May 28, 1999 and

---

1. With modifications not relevant here, Fed. R. Bank. P. 7012 makes Fed.R.Civ.P. 12 applicable to adversary proceedings in bankruptcy.

June 10, 1999. Attached to the complaint are (a) Schedule A which lists the underlying invoices identifying the goods that are subject to the reclamation claim, and (b) Exhibit B, a copy of the June 11, 1999 reclamation demand letter. Finally, Scotts alleges in its complaint that upon its information and belief, all or a substantial portion of the goods were in the possession, custody and control of Hechinger at the time of the reclamation demand.

Central to Hechinger's motion is Scotts' demand letter. The full text of the Scotts demand letter is as follows:

> In accordance with U.C.C. Section 2–702(2), Ohio Rev.Code Section 1302.76 and Bankruptcy Code 546(c), **The Scotts Company** hereby makes demand for reclamation of merchandise received by the **Hechinger Company** and its subsidiaries during the ten days prior to the date of this notice.
>
> Please contact the undersigned Credit Manager for instructions as to return of the goods.
>
> In light of your recent bankruptcy filing, you are further notified that all goods subject to our reclamation rights should be protected and segregated by you and are not to be used for any purpose whatsoever except those specifically authorized following notice and a hearing by the Bankruptcy Court.

(Complaint at Exhibit B.)

Scotts did not in its demand letter further identify the goods for which reclamation was sought. Nor did the demand letter attach any supporting documentation relative to the identity of the goods.

---

**2.** Section 2–702(2) of the U.C.C. has been enacted in each of the states that has a substantial connection with this dispute.

**3.** Section 546(c) provides:

*DISCUSSION*

■ A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) serves to test the sufficiency of the complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993); *Loftus v. Southeastern Pennsylvania Transp. Auth.,* 843 F.Supp. 981, 984 (E.D.Pa.1994). When deciding such a motion, I accept as true all allegations in the complaint and all reasonable inferences drawn from it which I consider in a light most favorable to the plaintiffs. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997); *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). I should not grant a Rule 12(b)(6) motion "unless it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Reclamation is a state law remedy codified in Section 2–702 of the Uniform Commercial Code (the "U.C.C.").[2] *In re Marin Motor Oil, Inc.,* 740 F.2d 220, 223 (3d Cir.1984); Richard M. Cieri and Jeffrey B. Ellman, *Understanding Reclamation Claims in Bankruptcy: Hidden Complexity in a Simple Statute,* 5 J. Bankr.L. & Prac. 531, 532 (1996) [hereinafter *"Understanding Reclamation Claims"*]. U.C.C. Section 2–702 provides, in pertinent part:

> Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt....

In order to preserve this remedy in bankruptcy, Congress adopted § 546(c) of the Bankruptcy Code.[3] Section 546(c) adopted

---

Except as provided in subsection (d) of this section [relating to producers of grain], the rights and powers of a trustee under section 544(a), 545, 547 and 549 of this title are

the seller's U.C.C. reclamation right but added the requirements that the seller make the demand "in writing" and "before ten days after receipt" of the goods by the debtor.[4] *Marin,* 740 F.2d at 223; *Understanding Reclamation Claims, supra,* at 535–37.

■■ The basic applicable law here is not in dispute. A seller seeking reclamation under U.C.C. Section 2–702 and § 546(c) must plead and prove four elements:

> (1) the debtor was insolvent when the goods were delivered; (2) a written demand was made within ten days after delivery; (3) *the goods were identifiable at the time of demand;* and (4) the goods were in possession of the debtor at the time of demand. (Emphasis added.)

*Eagle Indus. Truck Mfg. Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.),* 125 B.R. 415, 417 (Bankr.D.Del.1991) (*citing Conoco, Inc. v. Braniff, Inc. (In re Braniff, Inc.),* 113 B.R. 745, 751 (Bankr. M.D.Fla.1990)). The seller bears a heavy burden of pleading and proving each of these elements:

> As evidenced by these required elements, reclamation is a narrow and unique remedy. The reclamation remedy gives a vendor special rights where it discovers the insolvency of its customer, but in exchange for those special rights, the U.C.C. requires strict compliance with its procedural and substantive rules for reclamation. Moreover, the reclaiming vendor maintains the burden of proof to establish each element of the right to reclamation by the preponderance of the evidence. This burden has been described as "stringent."

*Understanding Reclamation Claims, supra,* at 534 (footnotes omitted); *see also Braniff,* 113 B.R. at 751 (seller bears stringent burden of proof in reclamation action). Hechinger argues that Scotts cannot meet this stringent burden because its demand letter is deficient as a matter of law.

■■ According to Hechinger, "[t]his case presents a narrow and straightforward issue: is a reclamation demand that fails to identify the goods sought to be reclaimed deficient as a matter of law?" (Doc. #5 at 1.) According to Hechinger the answer is clearly "yes."

Neither U.C.C. Section 2–702 nor § 546(c) set forth specific requirements for the content of a reclamation demand letter and there is little case law discussing the issue. *Braniff,* 113 B.R. at 752. However, according to Hechinger, *Braniff* expressly determined that a demand letter must provide detailed information identifying the goods for which reclamation is sought:

> subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—
> (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods—
> (A) before 10 days after receipt of such goods by the debtor; or
> (B) if such 10–day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and

> (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—
> (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
> (B) secures such claim by a lien.
> 11 U.S.C. § 546(c)(Supp.2000).

4. Unless otherwise indicated, all references to "§ ___" herein are to a section of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

Considering the fundamental purpose of a demand for reclamation, therefore, the court concludes that, to be sufficient, the demand must identify the goods as to which reclamation is sought so as to permit their return pursuant to the demand at the time the demand is made. *If the demand fails to be sufficiently detailed to accomplish that purpose, it must of necessity fail as a matter of law.*

*Braniff*, 113 B.R. at 752(emphasis added).

Scotts' demand letter did not provide any particular identifying information concerning the goods sought to be reclaimed. For example, the demand letter did not describe the goods or their value; did not identify the recipient(s) or the shippers of the goods; did not provide shipment dates or delivery dates; and did not provide any other information such as invoice numbers or purchase order numbers. Because the demand letter contains no particular information about the identity of the goods, Hechinger argues that the demand letter fails as a matter of law and the complaint should be dismissed.

In response, Scotts argues that its complaint alleges all the needed elements for a reclamation cause of action. Scotts alleged that (a) Hechinger was insolvent when the goods were delivered, (b) a written demand was made within 10 days after delivery, (c) the goods were identifiable at the time of demand, and (d) the goods were in possession of Hechinger at the time of the demand. Scotts acknowledges that it has the burden of proving each of the four elements for reclamation. However, according to Scotts, that proof is a trial burden, not a pleading burden. Under Rule 12(b)(6), Scotts argues that it does not have to prove its case in its complaint, but merely allege all of the necessary elements of its claims, with all

applicable facts resolved in its favor. Scotts takes the position that the question of whether or not the written demand sufficiently identifies the goods to be reclaimed is a combined issue of law and fact which the parties must be allowed to pursue in the due course of discovery and motion practice. For example, if Hechinger had actual knowledge of the identity and location of the goods sought to be reclaimed at the time it received the Scotts demand letter, then, according to Scotts, there is no question the letter sufficiently identified the goods. In this case, at the pleading stage, according to Scotts, it must be assumed that its demand letter contained enough information to allow Hechinger to identify the goods; otherwise this Court is drawn into a factual dispute, one that can only be properly presented to the Court for determination after discovery and trial, not at this pleading stage.

Scotts contends that Hechinger's quotation from the *Braniff* opinion regarding the vendor's obligation to provide detailed information regarding the identity of goods, is taken out of context because the *Braniff* court actually granted partial relief to the reclaiming creditor based on the fact that the information in the demand letter together with information in the debtor's possession allowed the debtor to effectively identify the goods.

In *Braniff*, the court held that the debtor, through its agent, could have identified the goods if it had used the information at its disposal. Therefore, even though the demand letter did not describe the goods with specificity sufficient to complete the identification, the court found that upon proper investigation of facts at its disposal, Braniff could have identified the goods. In similar fashion, according to Scotts, Hechinger was required to conduct some investigation to identify the goods. Scotts views *Braniff* as supporting the proposi-

tion that a reclamation demand letter need only describe the goods in a manner that allow the debtor to identify them upon reasonable investigation.

■ In the context of a Rule 12(b)(6) motion, I agree with Scotts' position. The third of the four elements needed to establish a reclamation right, namely, "the goods are identifiable at the time of demand," does not require that the identification be the sole obligation of the vendor. Neither U.C.C. Section 2–702 nor Bankruptcy Code § 546(c) nor the relevant case law requires that the vendor's demand letter set forth all the information needed to determine the identity of the reclamation goods on hand at demand time. In *Braniff* the court found that combining the information supplied by the demand letter with the information in the possession of the debtor's agent resulted in the goods being identifiable at the time of the demand. Admittedly, the kind of information supplied by the vendor's demand letter in *Braniff* was much more than that supplied by Scotts in its demand letter here. However, for Rule 12(b)(6) purposes I cannot conclude that the information supplied by Scotts was insufficient to result in goods being identified at the time of the demand.

A few theoretical examples will illustrate my position that even with very limited information in a reclamation demand letter a debtor may be in a position to identify the goods at the time of the demand:

(1) The vendor is the only source for a particular type or category of goods bought by the debtor for resale at one or a few locations.

(2) The debtor's business operations are relatively small and limited geographically so that the debtor's inventory control system, even if not computer based, can be easily accessed to identify the goods.

(3) The debtor's business operations are extensive but the inventory control system

is computer based so that access to the inventory information is immediate, i.e., the invoice, shipping, receipt and location information is readily available in some type of report format.

■ A reclamation right is not an all or nothing proposition. As demonstrated in *Braniff*, the identification process may only be partially successful and therefore less than all of the reclamation demand may be successful. Thus, in my third example above, if a debtor had a number of warehouses from which its inventories were shipped to its retail outlets, it may be that the needed information to do the identification would be limited to the goods in the warehouses. If so, the reclamation would be limited to goods in the warehouse.

### *CONCLUSION*

In conclusion, it is my view that whether a demand letter is sufficient for purposes of identifying the goods at the time of the demand is a facts and circumstances determination, including what information the debtor has regarding the identification of the goods and the extent to which that information can be reasonably accessed to result in the identification of the goods at the time of the demand. In this regard I note that in the *Braniff* case the court observed that the debtor could have obtained the needed information for identification from its agent within several days of the demand letter. *Braniff*, 113 B.R. at 753.

In the matter before me, Scotts may have been in a position to include detailed information in its demand letter, such as invoices, dates of shipment and delivery, drop off locations, etc. However, for whatever reason it elected to not provide that information, but rather to rely upon what must be characterized as minimal identification of the goods. In doing so it assumed the risk that Hechinger was in a

position to access its inventory control system, presumably computer based, to readily identify the goods. Whether that risk was justified remains to be seen and Scotts, of course, will bear the burden of showing that Hechinger's had the ability to timely identify the goods. That may be a difficult burden given the nationwide scope of Hechinger's business and the difficult conditions it was experiencing at the time of the bankruptcy filing. In any event, in the context of a Rule 12(b)(6) motion, I cannot conclude that there are no set of facts which would support a finding that the goods were identifiable at the time of the demand.

### ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the motion (Doc. # 5) of defendant Hechinger Company to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6)(Fed.R. Bank. P. 7012) is DENIED.